1    DIANA S. CLINE, ESQ.
     Nevada Bar No. 10580
2    E-mail: diana@hkimlaw.com
     JACQUELINE A. GILBERT, ESQ.
3    Nevada Bar No. 10593
     E-mail: jackie@hkimlaw.com
4    KAREN L. HANKS, ESQ.
     Nevada Bar No. 9578
5    E-mail: karen@hkimlaw.com
     HOWARD KIM & ASSOCIATES
6    1055 Whitney Ranch Drive, Suite 110
     Henderson, Nevada 89014
7    Telephone: (702) 485-3300
     Facsimile: (702) 485-3301
8    *Attorneys for SFR Investments Pool 1, LLC*

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

| | |
|---|---|
| 12 NATIONSTAR MORTGAGE, LLC, | Case No. 2:15-cv-01308-JAD-NJK |
| 13             Plaintiff, | |
| 14     vs. | **SFR INVESTMENTS POOL 1, LLC'S ANSWER, COUNTERCLAIM AND CROSS-CLAIM** |
| 15 AUROROA CANYON HOMEOWNERS ASSOCIATION; SFR INVESTMENT POOL | |
| 16 1, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, | |
| 18             Defendants. | |
| 19 SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, | |
| 20             Counter-Claimant, | |
| 22     vs. | |
| 23 NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; BANK | |
| 24 OF AMERICA, N.A, a national association; HSBC BANK USA, NATIONAL | |
| 25 ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE ACE SECURITIES | |
| 26 CORP. HOME EQUITY LOAN TRUST, ASSET BACKED PASS-THROUGH | |
| 27 CERTIFICATES SERIES 2005-HE7, a national association; HOUSEHOLD | |

28

*(left margin, vertical text)* **HOWARD KIM & ASSOCIATES** 1055 WHITNEY RANCH DRIVE, SUITE 110 HENDERSON, NEVADA 89014 (702) 485-3300 FAX (702) 485-3301

- 1 -

1    FINANCE REALTY CORPORATION OF
     NEVADA, a Delaware corporation; TERRY
2    J. PARR, an individual,

3           Counter-Defendant/Cross-Defendants.

4           SFR INVESTMENTS POOL 1, LLC ("SFR") hereby answers NATIONSTAR

5    MORTGAGE, LLC's ("Nationstar" or "Bank") Complaint as follows:

6                           **PARTIES AND JURISDICTION**

7           1.  Answering paragraph 1 of the complaint, upon information and belief, SFR admits that

8    Plaintiff is a citizen of Delaware. SFR is without sufficient knowledge or information to form a

9    belief as to the truth of the remaining factual allegations contained in paragraph 1 of the

10   complaint, and therefore denies said allegations.

11          2.  Answering paragraph 2 of the complaint, upon information and belief, SFR admits that

12   Aurora Canyon Homeowners Association ("Association") is a domestic non-profit corporation

13   and that it foreclosed on the super-priority portion of the Association lien on December 5, 2012.

14          3.  Answering paragraph 3 of the complaint, SFR admits that it is a limited liability

15   company organized under the laws of the State of Nevada and that it purchased the Subject

16   Property from the Association.

17          4.  SFR is without sufficient knowledge or information to form a belief as to the truth of the

18   factual allegations contained in paragraphs 4 and 5 of the complaint, and therefore denies said

19   allegations.

20          5.  The allegations contained in paragraph 6 of the complaint call for a legal conclusion,

21   therefore, no answer is required.  To the extent an answer is required, SFR denies the factual

22   allegations contained in paragraph 6 of the complaint.

23          6.  Answering paragraph 7 of the complaint, SFR admits that the property located at **9665**

24   **Donner Springs Avenue, Las Vegas, NV 89148; Parcel No. 163-30-515-002** (the "Property")

25   is the subject property of this litigation.   The remaining allegations contained in paragraph 7 of

26   the complaint call for a legal conclusion, therefore, no answer is required.  To the extent an

27   answer is required, SFR admits the factual allegations contained in paragraph 7 of the

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 2 -

1    complaint.

2                              **GENERAL ALLEGATIONS**

3        7.   The allegations contained in paragraphs 8, 9, 10, 11 and 12 of the complaint call for a

4    legal conclusion, therefore, no answer is required.  The statutes referenced in paragraphs 10 and

5    11 of the complaint speak for themselves and SFR denies any allegations inconsistent with said

6    statutes.

7                           The Deed of Trust and Assignment

8        8.   To the extent paragraph 12 alleges that Terry Parr ("Parr") was the title owner of record

9    of the Subject Property prior to the Association foreclosure sale, SFR, upon information and

10   belief, admits the allegations in paragraph 12. SFR denies any other factual allegations included

11   in paragraph 12. The documents referenced in paragraph 12 of the complaint speak for

12   themselves, and SFR denies any allegations inconsistent with said documents.  SFR specifically

13   denies the allegation that the deed of trust can be characterized as "senior."

14       9.   The documents referenced in paragraphs 13, 14, 15, 16 and 17 of the complaint speak

15   for themselves, and SFR denies any allegations inconsistent with said documents. SFR is

16   without sufficient knowledge or information to form a belief as to the truth of the factual

17   allegations contained in paragraphs 13, 14, 15, 16 and 17 of the complaint regarding the Bank's

18   interactions with Parr and the Bank's intentions to foreclose, and therefore denies said

19   allegations.  The remaining allegations contained in paragraphs 13, 14, 15, 16 and 17 of the

20   complaint call for a legal conclusion, therefore, no answer is required.  To the extent an answer

21   is required, SFR denies the remaining factual allegations contained in paragraphs 13, 14, 15, 16

22   and 17 of the complaint. SFR specifically denies the allegation that the deed of trust can be

23   characterized as "senior."  Further, SFR denies the characterization that the deed to SFR placed

24   a "cloud" on the deed of trust that was extinguished by the Association's foreclosure.

25                          The HOA Lien and Foreclosure

26       10. Answering paragraph 18, SFR admits, upon information and belief, that Parr failed to

27   pay the Association all amounts due to it.  The documents referenced in paragraphs 18, 19, 20,

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    21, 22, 23, 24 and 25 of the complaint speak for themselves, and SFR denies any allegations

2    inconsistent with said documents. The remaining allegations in paragraphs 18, 19, 20, 21, 22,

3    23, 24 and 25 of the complaint call for a legal conclusion therefore, no answer is required.  To

4    the extent an answer is required, SFR denies the factual allegations contained in paragraphs 18,

5    19, 20, 21, 22, 23, 24 and 25 of the complaint. SFR specifically denies the allegation that the

6    deed of trust can be characterized as "senior."

7        11. SFR is without sufficient knowledge or information to form a belief as to the truth of the

8    factual allegations regarding BANA's interactions with the HOA contained in paragraphs 26,

9    27, 28 and 29 of the complaint, and therefore denies said allegations. The remaining allegations

10   in paragraphs 26, 27, 28 and 29 of the complaint call for a legal conclusion therefore, no answer

11   is required.  To the extent an answer is required, SFR denies the factual allegations contained in

12   paragraphs 26, 27, 28 and 29 of the complaint.

13       12. Answering paragraphs 30, 31 and 32 of the complaint, SFR admits that it purchased the

14   Property on from the Association via a quitclaim deed recorded on March 13, 2013.   Upon

15   information and belief, SFR admits that the Association acquired the Property for $12,185.40 at

16   the Association foreclosure sale on December 5, 2012 and that the resulting foreclosure deed

17   was recorded on February 14, 2013.  The document referenced in paragraphs 30, 31 and 32 of

18   the complaint speaks for itself, and SFR denies any allegations inconsistent with said document.

19   The remaining allegations in paragraph 31 of the complaint call for a legal conclusion therefore,

20   no answer is required.  To the extent an answer is required, SFR denies the factual allegations

21   contained in paragraphs 31 of the complaint.

## FIRST CAUSE OF ACTION
### (Quiet Title/Declaratory Judgment against SFR)

     13. SFR repeats and realleges its answers to paragraphs 1 through 32 of the complaint as
though fully set forth herein.

     14. The allegations in paragraph 34 of the complaint call for a legal conclusion to which no
response is required. The statute referenced in paragraph 34 of the complaint speaks for itself
and SFR denies any allegations inconsistent with said statute.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    15. Answering paragraphs 35 and 36 of the complaint, SFR admits that it owns the Property

2   free and clear of the Plaintiff's deed of trust. SFR denies the remaining allegations in paragraphs

3   35 and 36 of the complaint. In addition, SFR specifically denies the allegation that the deed of

4   trust can be characterized as "senior."

5

6   *NRS Chapter 116 Violates Nationstar's Right to Procedural Due Process*

7    16. The allegations in paragraphs 37, 38, 39,  40(a), 40(b), 40(c), 41, 42(a), 42(b), 42(c),

8   42(d), 42(e), 42(f) and 43 of the complaint call for a legal conclusion to which no response is

9   required.  To the extent a response is required, SFR denies the allegations in 37, 38, 39, 40(a),

10  40(b), 40(c), 41, 42(a), 42(b), 42(c), 42(d), 42(e), 42(f) and 43 of the complaint. In addition,

11  SFR specifically denies the allegation that the deed of trust can be characterized as "senior."

12  *Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

13   17. The allegations in paragraphs 44, 45, 46, 47, 48, 49, 50, 51 and 52 of the complaint call

14  for a legal conclusion to which no response is required.  The documents and statutes referenced

15  in 44, 45, 46, 47, 48, 49, 50, 51 and 52 of the complaint speak for themselves and SFR denies

16  any allegations inconsistent with said documents and statutes. SFR denies the remaining

17  allegations in paragraphs 44, 45, 46, 47, 48, 49, 50, 51 and 52 of the complaint. In addition, SFR

18  specifically denies the allegation that the deed of trust can be characterized as "senior."

19                            **SECOND CAUSE OF ACTION**
20                       **(Breach of NRS 116.1113 against HOA)**

21   18. SFR repeats and realleges its answers to paragraphs 1 through 52 of the complaint as

22  though fully set forth herein.

23   19. The allegations in paragraphs 54, 55, 56, 57, 58, 59 and 60 of the complaint call for a

24  legal conclusion to which no response is required.  The document referenced in paragraphs 54,

25  55, 56, 57, 58, 59 and 60 of the complaint speak for themselves and SFR denies any allegations

26  inconsistent with said documents and statutes. SFR specifically denies that it knew that lender

27  and/or the public at large would rely on provisions in the CC&Rs that were inconsistent with

28  NRS 116.  SFR denies the remaining allegations in paragraphs 54, 55, 56, 57, 58, 59 and 60 of

1    the complaint. In addition, SFR specifically denies the allegation that the deed of trust can be

2    characterized as "senior."

3        20. SFR denies the allegations contained in paragraph 61 of the complaint.

4                                **THIRD CAUSE OF ACTION**
                                **(Wrongful Foreclosure against HOA)**
5
6        21. SFR repeats and realleges its answers to paragraphs 1 through 62 of the complaint as

7    though fully set forth herein.

8        22. The allegations in paragraphs 63, 64, 65, 65, 66, 67 and 68 of the complaint call for a

9    legal conclusion to which no response is required.  To the extent a response is required, SFR

10   denies the allegations in paragraphs 63, 64, 65, 65, 66, 67 and 68 of the complaint. In addition,

11   SFR specifically denies the allegation that the deed of trust can be characterized as "senior."

12       23. SFR denies the allegations contained in paragraph 69 of the complaint.

13                               **FOURTH CAUSE OF ACTION**
                                 **(Injunctive Relief Against SFR)**
14
15       24. SFR repeats and realleges its answers to paragraphs 1 through 69 of the complaint as

     though fully set forth herein.
16
         25. Answering paragraph 71 of the complaint, upon information and belief, SFR admits that
17
     Nationstar disputes that SFR owns the Property free and clear of the deed of trust. SFR denies
18
     the remaining factual allegations in paragraph 71 of the complaint.  In addition, SFR specifically
19
     denies the allegation that the deed of trust can be characterized as "senior."
20
         26. The allegations in paragraphs 72, 73, 74, 75 and 76 of the complaint calls for a legal
21
     conclusion to which no response is required.  To the extent a response is required, SFR denies
22
     the allegations in paragraphs 72, 73, 74, 75 and 76 of the complaint.
23
         27. SFR denies the allegations contained in paragraph 64 of the complaint.
24
                                      **AFFIRMATIVE DEFENSES**
25
         1.  The Bank fails to state a claim upon which relief may be granted.
26
         2.  The Bank is not entitled to relief from or against SFR, as the Bank has not sustained any
27
     loss, injury, or damage that resulted from any act, omission, or breach by SFR.
28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 6 -

3. The occurrence referred to in the complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of the Bank.

4. The occurrence referred to in the complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party or parties over whom SFR had no control.

5. SFR did not breach any statutory or common law duties allegedly owed to the Bank.

6. The Bank's claims are barred because SFR complied with applicable statutes and with the requirements and regulations of the State of Nevada.

7. The Bank's claims are barred because the Association and its agents complied with applicable statutes and regulations.

8. The Bank's causes of action are barred in whole or in part by the applicable statutes of limitations or repose, or by the equitable doctrines of laches, waiver, estoppel, ratification and unclean hands.

9. The Bank is not entitled to equitable relief because it has an adequate remedy at law.

10. The Bank has no standing to enforce the first deed of trust and/or the underlying promissory note.

11. The Bank has no standing to enforce the statutes and regulations identified in the Complaint.

12. Any purported assignment of the First Deed of Trust after the Association foreclosure sale is invalid and unenforceable.

13. The first deed of trust and other subordinate interests in the Property were extinguished by the Association foreclosure sale held in accordance with NRS Chapter 116.

14. The Bank has no remedy against SFR because, pursuant to NRS 116.31166, SFR is entitled to rely on the recitals contained in the Association foreclosure deed that the sale was properly noticed and conducted.

15. The Bank has no remedy against SFR because SFR is a bona fide purchaser for value.

16. Pursuant to Federal Rules of Civil Procedure 11, as amended, all possible affirmative

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1   defenses may not have been alleged herein insofar as sufficient facts were not available after

2   reasonable inquiry at the time of filing this Answer. Therefore, SFR reserves the right to amend

3   this Answer to assert any affirmative defenses if subsequent investigation warrants.

**COUNTERCLAIM AND CROSS-CLAIM**

**FOR QUIET TITLE AND INJUNCTIVE RELIEF**

6          SFR INVESTMENTS POOL 1, LLC ("SFR"), hereby demands quiet title, requests

7   injunctive relief and alleges slander of title against Counter-Defendant NATIONSTAR

8   MORTGAGE, LLC and Cross-Defendants, BANK OF AMERICA, N.A.; HSBC BANK USA,

9   NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE ACE

10  SECURITIES CORP. HOME EQUITY LOAN TRUST, ASSET BACKED PASS-THROUGH

11  CERTIFICATES SERIES 2005-HE7; HOUSEHOLD FINANCE REALTY CORPORATION

12  OF NEVADA and TERRY J. PARR, as follows:

**I.   PARTIES**

14     1.   SFR is a Nevada limited liability company with its principal place of business in Clark

15  County, Nevada and the current title owner of the property commonly known as **9665 Donner**

16  **Springs Avenue, Las Vegas, NV 89148; Parcel No. 163-30-515-002** (the "Property").

17     2.   Upon information and belief, Counter-defendant NATIONSTAR MORTGAGE, LLC

18  ("Nationstar" or "the Bank") is a Delaware limited liability company that claims an interest in

19  the Property via a fraudulent assignment of a 2005 deed of trust originated by Countrywide

20  Home Loans, Inc. ("Countrywide").

21     3.   Upon information and belief, Cross-defendant BANK OF AMERICA, N.A. ("BANA")

22  may claim an interest in the Property via a fraudulent assignment of a 2005 deed of trust

23  originated by Countrywide.

24     4.   Upon information and belief, Cross-defendant HSBC BANK USA, NATIONAL

25  ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE ACE SECURITIES CORP.

26  HOME EQUITY LOAN TRUST, ASSET BACKED PASS-THROUGH CERTIFICATES

27  SERIES 2005-HE7 ("HSBC") is a national association that may claim an interest in the

28

**HOWARD KIM & ASSOCIATES**
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    Property via a fraudulent assignment in 2012 of a deed of trust recorded against the Property in

2    2005 by Countrywide.

3        5.   Upon information and belief, Cross-Defendant HOUSEHOLD FINANCE REALTY

4    CORPORATION OF NEVADA ("Household Finance") is a Delaware corporation that may

5    claim an interest in the Property via a deed of trust originated in 2005 by Countrywide.

6        6.   Upon information and belief, Cross-Defendant TERRY J. PARR ("Parr") is a Nevada

7    resident and who may claim an interest in the Property as the former title owner.

## II.   GENERAL ALLEGATIONS

*SFR Acquired Title to the Property after the Foreclosure of an Association Lien with Super Priority Amounts*

10       7.   Aurora Canyon Homeowners Association ("the Association") acquired the Property on

11   December 5, 2012 by successfully bidding on the Property at a publicly-held foreclosure auction

12   in accordance with NRS 116.3116, *et. seq.* ("Association foreclosure sale").

13       8.   On or about February 14, 2013, the resulting foreclosure deed was recorded in the

14   Official Records of the Clark County Recorder as Instrument Number 201302140003182

15   ("Foreclosure Deed").

16       9.   On March 13, 2013, a quitclaim deed transferring the Property to SFR was recorded in

17   the Official Records of the Clark County Recorder as Instrument Number 201303130005056

18   ("SFR Deed").

19       10. Since obtaining an interest in the Property, SFR has expended additional funds and

20   resources in relation to the Property.

21       11. The Association had a lien pursuant to NRS 116.3116(1) ("Association Lien") that was

22   perfected at the time the Association recorded its declaration of CC&Rs.

23       12. The foreclosure sale was conducted by Alessi & Koenig, LLC ("Alessi"), agent for the

24   Association pursuant to the powers conferred by the Nevada Revised Statutes 116.3116,

25   116.31162-116.31168, the Association's governing documents (CC&R's) and a Notice of

26   Delinquent Assessments, recorded on May 7, 2008, in the Official Records of the Clark County

27   Recorder as Instrument Number 200805070003559.

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

13. As recited in the Association Foreclosure Deed, the Association foreclosure sale complied with all requirements of law, including but not limited to, recording and mailing of copies of Notice of Delinquent Assessments and Notice of Default, and the recording, posting and publication of the Notice of Sale.

14. Pursuant to NRS 116.3116(2), the entire Association Lien is prior to all other liens and encumbrances of unit except:

> (a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

15. NRS 116.3116(2) further provides that a portion of the Association Lien has priority over even a first security interest in the Property:

> [the Association Lien] is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

16. Pursuant to NRS 116.1104, the provisions of NRS 116.3116(2) granting priority cannot be waived by agreement or contract, including any subordination clause in the CC&Rs.

17. According to NRS 116.1108, real property law principles supplement the provisions of NRS 116.

18. Upon information and belief, the Association took the necessary action to trigger the super-priority portion of the Association Lien.

19. Upon information and belief, no party still claiming an interest in the Property recorded a lien or encumbrance prior to the declaration creating the Association.

20. Upon information and belief, the Bank had actual and/or constructive notice of the requirement to pay assessments to the Association and of the Association Lien.

21. Upon information and belief, the Bank had actual and/or constructive notice of the

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    Association's foreclosure proceedings.

2        22. Upon information and belief, prior to the Association foreclosure sale, no individual or

3    entity paid the full amount of delinquent assessments described in the Notice of Default.

4        23. Upon information and belief, the Bank had actual and/or constructive notice of the super-

5    priority portion of the Association Lien.

6        24. Upon information and belief, at all relevant times, the Bank had internal policies and

7    procedures relating to super-priority liens.

8        25. Upon information and belief, the Bank knew or should have known that its interest in the

9    Property could be extinguished through foreclosure if it failed to cure the super-priority portion

10   of the Association Lien representing 9 months of assessments for common expenses based on the

11   periodic budget adopted by the association which would have become due in the absence of

12   acceleration for the relevant time period.

13       26. Upon information and belief, prior to the Association foreclosure sale,  no individual or

14   entity paid the super-priority portion of the Association Lien representing 9 months of

15   assessments for common expenses based on the periodic budget adopted by the association

16   which would have become due in the absence of acceleration for the relevant time period.

17       27. Pursuant to NRS 116.31166, the foreclosure sale vested title in the Association "without

18   equity or right of redemption," and the Association Foreclosure Deed is conclusive against the

19   Property's "former owner, his or her heirs and assigns, and **all other persons**."

20   *Interests, Liens and Encumbrances Extinguished by the Super-Priority Association Lien*

21       28. Upon information and belief, Parr obtained title to the Property in August of 2005

22   through a grant, bargain sale deed from the Sheldon Mayer, which was recorded in Official

23   Records of the Clark County Recorder as Instrument No. 200508160001652.

24       29. On or about August 16, 2005, Countrywide recorded a deed of trust against the Property

25   in the Official Records of the Clark County Recorder as Instrument No. 200508160001653.

26   ("First Deed of Trust").

27       30. Upon information and belief, the Association was formed and its declaration of CC&Rs

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    was recorded in the Official Records of the Clark County Recorder before the First Deed of Trust

2    was recorded.

3        31. Upon information and belief, Countrywide had actual or constructive notice of the

4    Association Lien and NRS 116.3116 before it funded the loan secured by the First Deed of Trust.

5        32. The First Deed of Trust contains a Planned Unit Development Rider and a legal

6    description recognizing the applicability of Association's declaration of CC&Rs that were

7    recorded.

8        33. On or about August 16, 2005, Countrywide recorded a second deed of trust against the

9    Property in the Official Records of the Clark County Recorder as Instrument No.

10   200508160001654. ("Second Deed of Trust").

11       34. Upon information and belief, the Association was formed and its declaration of CC&Rs

12   was recorded in the Official Records of the Clark County Recorder before the Second Deed of

13   Trust was recorded.

14       35. Upon information and belief, Countrywide had actual or constructive notice of the

15   Association Lien and NRS 116.3116 before it funded the loan secured by the Second Deed of

16   Trust.

17       36. The Second Deed of Trust contains a Planned Unit Development Rider and a legal

18   description recognizing the applicability of Association's declaration of CC&Rs that were

19   recorded.

20       37. Upon information and belief, Maribel Ledemza, Collateral Processing Officer for

21   Countrywide executed an assignment, dated September 6, 2005 that transferred the beneficial

22   interest in the Second Deed of Trust, together with the underlying promissory note, to Household

23   Finance.    The assignment was recorded on May 23, 2006 against the Property in Official

24   Records of the Clark County Recorder as Instrument No. 200605230003983.

25       38. Upon information and belief, Household Finance had actual or constructive notice of the

26   Association Lien and NRS 116.3116 before it obtained an interest in the Second Deed of Trust.

27       39. Upon information and belief, Jessica Ulary, Assistant Secretary for Mortgage Electronic

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1  Registration Systems, Inc. ("MERS") executed an assignment, dated April 1, 2011 that

2  purportedly transferred the beneficial interest in the First Deed of Trust, together with the

3  underlying promissory note, to BAC Home Loans Servicing, LP FKA Countrywide Home Loans

4  Servicing, LP ("BAC").   The assignment was recorded on April 6, 2011 against the Property in

5  Official Records of the Clark County Recorder as Instrument No. 201104060004258. ("First

6  Assignment")

7  　　40. Upon information and belief, BAC had actual or constructive notice of the Association

8  Lien and NRS 116.3116 before it obtained its interest in the First Deed of Trust.

9  　　41. On April 6, 2011, Recontrust Company, N.A. ("Recontrust") as trustee for the first deed

10  of trust recorded a notice of default and election to sell under deed of trust for amounts that

11  became due on October 1, 2007 in the Official Records of the Clark County Recorder as

12  Instrument No. 201104060004260.

13  　　42. Upon information and belief, Mercedes Judilla, Assistant Secretary for MERS executed

14  an assignment, dated May 15, 2012 that purportedly transferred the beneficial interest in the First

15  Deed of Trust, together with the underlying promissory note, to HSBC.   The assignment was

16  recorded on May 16, 2012 against the Property in Official Records of the Clark County Recorder

17  as Instrument No. 201205160001524. ("Second Assignment")

18  　　43. Upon information and belief, HSBC had actual or constructive notice of the Association

19  Lien and NRS 116.3116 before it obtained its interest in the First Deed of Trust.

20  　　44. On September 18, 2014, the Nevada Supreme Court issued its opinion in *SFR*

21  *Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (2014), *reh'g denied* (Oct. 16,

22  2014), ruling that a non-judicial foreclosure of an associations' super-priority lien extinguishes a

23  first deed of trust.

24  　　45. Upon information and belief, Lisa Klein, Assistant Secretary for Bank of America, N.A.,

25  Successor by Merger to BAC ("BANA") executed an assignment, dated October 25, 2014 that

26  purportedly transferred the beneficial interest in the First Deed of Trust, together with the

27  underlying promissory note, to Nationstar.   The assignment was recorded on November 19,

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    2014 against the Property in Official Records of the Clark County Recorder as Instrument No.

2    201411190001045. ("Third Assignment")

3         46. Upon information and belief, Nationstar had actual or constructive notice of the

4    Association Lien and NRS 116.3116, the Association foreclosure sale and the *SFR* ruling before

5    it obtained its interest in the First Deed of Trust.

6         47. Upon information and belief, the First Deed of Trust and underlying promissory note

7    were had been transferred to HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE

8    FOR THE HOLDERS OF THE ACE SECURITIES CORP. HOME EQUITY LOAN TRUST,

9    ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2005-HE7 when the trust was

10   formed at some point in 2005.

11        48. Upon information and belief, one or all of the assignments were invalid and/or fraudulent

12   where MERS and BANA purported to transfer the interest in the First Deed of Trust and

13   underlying promissory note to multiple parties.

14        49. Despite the *SFR* ruling, on July 10, 2015, the Bank filed a Complaint for Quiet Title and

15   Declaratory Relief against SFR.

16        50. Parr's ownership interest in the Property, if any, was extinguished by the foreclosure of

17   the Association Lien.

18        51. Household Finance's security interest in the Property, if any, was extinguished by the

19   foreclosure of the Association Lien, which contained super-priority amounts.

20        52. The Bank's security interest in the Property, if any, was extinguished by the foreclosure

21   of the Association Lien, which contained super-priority amounts.

22        53. BANA's and HSBC's security interest in the Property, if any, was extinguished by the

23   foreclosure of the Association Lien, which contained super-priority amounts.

### III.  FIRST CLAIM FOR RELIEF
**(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, *et. seq*., NRS 40.010 & NRS 116.3116)**

26        54. SFR repeats and realleges the allegations of paragraphs 1-53 though fully set forth herein

27   and incorporates the same by reference.

28

55. Pursuant to NRS 30.010, *et. seq.* and NRS 40.010, this Court has the power and authority to declare the SFR's rights and interests in the Property and to resolve the Bank's adverse claims in the Property.

56. Upon information and belief, the Bank claims an interest in the Property through the First Deed of Trust, even after the Association foreclosure sale.

57. Upon information and belief, Parr, Household Finance, BANA and HSBC may claim an interest in the Property, even after the Association foreclosure sale.

58. A foreclosure sale conducted pursuant to NRS 116.31162-116.31168, like all foreclosure sales, extinguishes the title owner's interest in the Property and all junior liens and encumbrances, including deeds of trust.

59. Pursuant to NRS 116.3116(2), the super-priority portion of the Association Lien has priority over the First Deed of Trust.

60. The Bank, its predecessors in interest and Cross-defendants were duly notified of the Association foreclosure sale and failed to act to protect their interests in the Property, if any legitimately existed.

61. SFR is entitled to a declaratory judgment from this Court finding that: (1) SFR is the title owner of the Property; (2) the Association foreclosure deed is valid and enforceable and (3) the Bank's and Cross-Defendants' security and ownership interests in the Property, if any, were extinguished; and (4) SFR's rights and interest in the Property are superior to any adverse interest claimed by the Bank and Cross-Defendants.

62. SFR seeks an order from the Court quieting title to the Property in favor of SFR.

### IV.  SECOND CLAIM FOR RELIEF
#### (Preliminary and Permanent Injunction)

63. SFR repeats and realleges the allegations of paragraphs 1-62 as though fully set forth herein and incorporate the same by reference.

64. As set forth above, the Bank is claiming a security interest in the Property.

65. As set forth above, Household Finance, BANA and HSBC may claim security interest in the Property.

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

66. As set forth above, Parr, as former owner of the Property, may claim an ownership interest in the Property.

67. A foreclosure sale based on the First or Second Deeds of Trust would be invalid as the Bank and Household Finance lost their interest in the Property, if any, at the Association foreclosure sale.

68. Any attempt to take or maintain possession of the Property by the Bank and/or Cross-Defendants would be invalid because their interests in the Property, if any, was extinguished by the Association foreclosure sale.

69. Any attempt to sell, transfer, encumber or otherwise convey the Property by the would be invalid because its interest in the Property, if any, was extinguished by the Association foreclosure sale.

70. On the basis of the facts described herein, SFR has a reasonable probability of success on the merits of its claims and has no other adequate remedies at law.

71. SFR is entitled to a preliminary injunction and permanent injunction prohibiting the Bank from any sale or transfer that would affect the title to the Property.

### V.  THIRD CLAIM FOR RELIEF
### (Slander of Title against the Nationstar, BANA and HSBC)

72. SFR repeats and realleges the allegations of paragraphs 1-71 as though fully set forth herein and incorporate the same by reference.

73. Upon information and belief, Nationstar, BANA and HSBC recorded documents against the Property despite the Nevada Supreme Court ruling and the recording of the association foreclosure deed vesting title in SFR.

74. Upon information and belief, Nationstar and BANA maliciously and falsely slandered SFR's title to the Property when they recorded documents against the Property after the Association foreclosure sale.

75. Upon information and belief, Nationstar, BANA and HSBC knew that the First Deed of Trust had been extinguished when it recorded documents against the Property after the Association foreclosure sale.

- 16 -

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

76. Nationstar's, BANA's and HSBC's intentional and reckless actions have caused special damages to SFR.

77. SFR has been required to hire attorneys to protect its rights in the Property and to pursue this action.

### V.  PRAYER FOR RELIEF

SFR requests judgment against the Bank as follows:

1. For a declaration and determination that the Association foreclosure sale and resulting foreclosure deed are valid, that SFR Investments Pool 1, LLC is the rightful owner of title to the Property, and that the Bank and Cross-defendants have no right, title or interest in the Property;

2. For a preliminary and permanent injunction that the Bank, cross-defendants and their successors, assigns and agents are prohibited from initiating or continuing foreclosure proceedings, and from selling or transferring the Property;

3. For general and special damages in excess of $10,000.

4. For an award of attorney's fees and costs of suit; and

5. For any further relief that the Court may deem just and proper.

DATED August 4th, 2015.

**HOWARD KIM & ASSOCIATES**

*/s/ Diana S. Cline*
Diana S. Cline, Esq.
Nevada Bar No. 10580
Jacqueline A. Gilbert, Esq.
Nevada Bar No. 10593
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada  89014
Phone: (702) 485-3300
Fax:    (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 17 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of August, 2015, pursuant to FRCP 5, I served via the CM-ECF electronic filing system the foregoing **Answer, Counterclaim and Cross-Claim** to the following parties:

Ariel E. Stern, Esq.
Donna M. Witting, Esq.
AKERMAN, LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
ariel.stern@akerman.com
donna.wittig@akerman.com
*Attorneys for Nationstar Mortgage, LLC*

Edward D. Boyack, Esq.
Boyack Beck & Taylor
401 N. Buffalo Drive
Suite #202
Las Vegas, NV 89145
702-562-3415
Fax: 702-562-3570
Email: mardi@boyacklaw.com
*Attorneys for Aurora Homeowners Association*

                                              */s/ Andrew M. David*
                                              An employee of Howard Kim & Associates

**HOWARD KIM & ASSOCIATES**
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301