UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff,<br>v.<br><br>AURORA CANYON HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01308-MMD-NJK<br><br>ORDER |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counter-Claimant,<br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; BANK OF AMERICA, N.A, a national association; HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, ASSET BACKED PASSTHROUGH CERTIFICATES SERIES 2005- HE7, a national association; HOUSEHOLD FINANCE REALTY CORPORATION OF NEVADA, a Delaware corporation; TERRY J. PARR, an individual,<br><br>Counter-Defendants/Cross-Defendants. | |

This action arises from a non-judicial foreclosure sale of a homeowners' association lien ("HOA Sale") on the real property located at 9665 Donner Springs Avenue, Las Vegas, Nevada 89148; Parcel No. 163-30-515-002 ("Property"). (*See, e.g.*, ECF No. 2 at 3; ECF No. 13 at 8.) Before the Court are two pending motions. (ECF Nos. 119, 120.) In the first

motion, Counter-claimant SFR Investments Pool 1, LLC ("SFR") seeks summary judgment on its counterclaim/crossclaim for quiet title, injunctive relief and slander of title against Plaintiff/Counter-defendant Nationstar Mortgage, LLC ("Nationstar"), and Counter-defendants/Cross-defendants Bank of America, N.A. ("BANA"); HSBC Bank USA, National Association, as Trustee for the Holders of the Ace Securities Corp. Home Equity Loan Trust, Asset Backed Pass-Through Certificates Series 2005-HE7 ("HSBC"); and Household Finance Realty Corporation of Nevada and Terry J. Parr. (ECF No. 119 at 19; ECF No. 13 at 8.) In the second motion, Nationstar seeks partial summary judgment on its declaratory judgment claim, contending that the HOA Sale did not extinguish *its* DOT because, *inter alia*, there was adequate tender to protect the DOT. (ECF No. 120 at 1, 18.) The Court will dismiss the case without prejudice because Nationstar—the party who filed this action—fails to establish it had standing to bring the case *ab initio*.

"The party invoking federal jurisdiction, [here Nationstar], bears the burden of establishing [the constitutional minimum of standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Three elements must be met to establish standing: (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant; and (3) it must be likely—not speculative—that the injury will be redressed by a favorable ruling in the action. *Id.* at 560 (citations omitted). These elements are an indispensable part of a plaintiff's case and therefore "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561 (citations omitted). Furthermore, these elements of standing must be established at the time the complaint is filed to confer jurisdiction. *See id.* at 606 (indicating that standing must be satisfied at the time the complaint is filed—"[t]ypically . . . the standing inquiry requires careful examination of a complaint's allegations to ascertain whether *the particular plaintiff* is entitled to an

2

adjudication of *the particular claims asserted*") (internal quotation and citation omitted) (emphasis added); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (finding the plaintiff's complaint to be "jurisdictionally defective" and explaining that "[t]he existence of Article III standing is not subject to waiver"—it must be demonstrated at the "successive stages" of litigation and that if a court determines sua sponte that it lacks subject-matter jurisdiction, "the court must dismiss the action").

Here, Nationstar brought this action and its partial motion for summary judgment purporting that it is the beneficiary of the DOT that existed on the Property at the time of the HOA Sale. (ECF No. 2 (corrected image of Complaint filed July 2015) at 3; ECF No. 102 at 1, 3.)[1] About mid-November 2018 Nationstar and HSBC jointly filed a motion to substitute HSBC in place of Nationstar as Plaintiff ("Motion to Substitute"). (ECF No. 127.) Magistrate Judge Nancy J. Koppe denied the motion, finding that the action may proceed with Nationstar as Plaintiff. (ECF No. 132.) However, Nationstar has not provided evidence to support a conclusion that it can carry on this matter in place of HSBC.[2]

The Court agrees with SFR that the disclosures in the Motion to Substitute mean that Nationstar fails to establish that it had a legally protected interest in the Property at the time of the HOA Sale or at the time it filed the Complaint. (ECF No. 129 at 3.) In the Motion to Substitute, Nationstar and HSBC contend that HSBC is "now" the real party in interest. (ECF No. 127 at 1.) The motion reveals, however, that HSBC has always been the real party in interest based on the legitimate assignments of the DOT. (*See id.* at 3; ECF No. 127-4 (evidencing that Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the DOT to HSBC in May 2012); ECF No. 120-1 (the DOT).) Nationstar and
///

---

[1] In its Complaint, Nationstar expressly asserts that it brought this action "seek[ing] a declaration that *its deed* of trust, which secures a loan with a principal balance . . . was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for SFR's claim to title to the real property." (ECF No. 2 at 2.)

[2] Substitution would only be proper if Nationstar had standing *ab initio*, which the Court concludes it does not. Thus, Judge Koppe property denied the Motion to Substitute, albeit for a different reason than a finding that Nationstar cannot continue to prosecute this action, whether on its on behalf or on behalf of HSBC.

HSBC admit that the DOT was erroneously assigned to Nationstar in 2014. (ECF No. 127 at 2–3; ECF No. 127-3.) They state that the DOT was also erroneously assigned to Nationstar's predecessor in interest—BAC Home Loan Servicing, LP FKA Countrywide Home Loans Servicing LP. (ECF No. 127 at 3; ECF No. 127-2.) Thus, at no point has Nationstar been the true legal beneficiary of the DOT. Nationstar thus lacked standing to bring this action and a substitution of HSBC in place of Nationstar does not cure the standing defect—which directly stems from Nationstar's initiation of the lawsuit.

Nonetheless, Nationstar appears to argue that the Court should find that it properly brought this action as the servicer of the mortgage loan underlying HSBC's DOT. (ECF No. 27 at 2, 5.) The Court rejects the argument for two reasons. First, as noted, this action was expressly brought under the guise that Nationstar is the beneficiary of the DOT—not the servicer of the underlying loan. *See supra* footnote 1. Second, even though a servicer may bring an action to protect the DOT has servicer of the underlying loan,[3] *nothing in the record* supports the outright conclusion that Nationstar is the servicer of the underlying loan here. In the Motion to Substitute, Nationstar cites nothing in the record to support its argument that it has standing as a servicer of the underlying loan. (ECF No. 127 at 5–6.) Further, the only document reflecting any assignment to Nationstar—ECF No. 127-3—is the now noted erroneous DOT assignment, which does not suffice to establish Nationstar as the servicer of the underlying loan. In fact, none of the documents attached as exhibits to Nationstar's motion for partial summary judgment, ECF No. 120, plausibly establish that Nationstar services the underlying loan. (*See* ECF No. 120-1 through ECF No. 120-16.)

In sum, the Court finds that Nationstar lacked standing to bring this action and thus the action does not confer subject matter jurisdiction.

It is therefore ordered this case is dismissed without prejudice for lack of standing.

///

///

---

[3]*See, e.g., Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (holding that the servicer of loan owned by regulated entity has standing to argue Federal Foreclosure Bar preempts superpriority lien statute).

4

It is further ordered that the pending motions (ECF Nos. 119, 120) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 11th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE